**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

AHMAD WALLER,                         :
                                      :   Civil Action No. 08-2716 (SDW)
            Petitioner,               :
                                      :
        v.                            :   **OPINION**
                                      :
MR. BRUCE HAUCK, et al.,              :
                                      :
            Respondents.              :


**APPEARANCES:**

Petitioner pro se
Ahmad Waller
Northern State Prison
168 Frontage Road
Newark, NJ 07114


**WIGENTON**, District Judge

   Petitioner Ahmad Waller, a prisoner currently confined at Northern State Prison in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Bruce Hauck and the Attorney General of New Jersey.

   For the reasons stated herein, Petitioner's claim for relief based upon ineffective assistance of post-conviction counsel must be dismissed with prejudice. Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice,

with respect to all remaining grounds for relief, as untimely or as procedurally barred.

## I.   BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Essex County, pursuant to a jury trial, of the following crimes: second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1 (count one); second-degree attempted kidnapping, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:13-1(b)(1) (count two); felony-murder, N.J.S.A. 2C:11-3(a)(3) (count four); murder, N.J.S.A. 2C:11-3(a)(1), (2) (count five); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(a) (count seven).

On June 27, 1997, the trial count sentenced Petitioner to an aggregate sentence of life imprisonment with a thirty-year period of parole ineligibility.

The Superior Court of New Jersey, Appellate Division, affirmed Petitioner's convictions and sentence on direct appeal on March 16, 1999.  See State v. Waller, No. A-7180-96T4 (N.J.Super. App.Div.).  The Supreme Court of New Jersey denied certification on June 7, 1999.  State v. Waller, 161 N.J. 148 (1999).

On March 21, 2000, Petitioner filed, in the trial court, a notice of motion and petition for post-conviction relief.  See State v. Waller, 2008 WL 495499, *1 (N.J.Super. App.Div. Feb. 26,

2

2008). On December 7, 2001, the trial court denied Petitioner's application. On November 10, 2003, the Appellate Division affirmed the denial of post-conviction relief. The Supreme Court of New Jersey denied certification on March 2, 2004. State v. Waller, 179 N.J. 369 (2004).

Shortly thereafter, Petitioner filed his first federal petition for habeas corpus, pursuant to 28 U.S.C. § 2254, dated May 10, 2004.[1] See Waller v. Hendricks, Civil Action No. 04-2325 (JLL). After Petitioner was given the notice required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), he requested to voluntarily withdraw that petition. The Order of voluntarily dismissal without prejudice was entered on August 24, 2006.

Meanwhile, on June 21, 2006, Petitioner had filed in state court a motion to correct an illegal sentence. On July 19, 2006, Petitioner also filed a second motion for post-conviction relief. The trial court denied the motion to correct illegal sentence on November 6, 2006. The trial court denied the second petition for post-conviction relief on January 11, 2007. Petitioner appealed as to both orders.

---

[1] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). For purposes of this Opinion, this Court will consider Petitioner's federal submissions "filed" as of the date reflected on the documents.

While the state court appeal was pending, Petitioner filed a second federal petition for habeas corpus, pursuant to 28 U.S.C. § 2254, on March 30, 2007. See Waller v. Sherrer, Civil Action No. 07-1607 (DRD). Again, after receiving the notice required by Mason v. Meyers, Petitioner advised this Court that he wished to withdraw his federal petition. An Order deeming the Petition withdrawn was entered August 14, 2007.

On a parallel track, Petitioner's appeal of the orders denying his second motion for post-conviction relief and his motion to correct illegal sentence was proceeding in state court. On February 26, 2008, the Appellate Division affirmed the denial of relief as to both motions.

> We note at the outset that defendant's pro se motion to correct an illegal sentence and his petition for PCR in large measure make many of the same arguments. His essential points are that it was impermissible to amend the indictment with respect to the predicate offense in the felony murder count and that given the various counts in the indictment arising out of the one criminal episode, he was unfairly subjected to double jeopardy. He also argues throughout that he had ineffective counsel on his PCR appeal, that the jury instructions regarding felony murder were inappropriate, and that the issue of his mental illness was not appropriately raised with respect to the admissibility of his confession.
>
> In the first instance, it appears that all of defendant's PCR claims, except for the ineffective assistance of counsel on his PCR appeal, would appear to be time-barred pursuant to Rule 3:22-12(a). [FN1] Defendant's conviction is well beyond the five-year period of the rule and it does not appear that excusable neglect has been shown. See State v. Mitchell, 126 N.J. 565, 575-77 (1992).

>     [FN1] We recognize that petitions to correct
>     an illegal sentence may be filed at any time.
>
>     It also appears that defendant's PCR petition is
> procedurally barred by virtue of Rule 3:22-4.  This
> rule bars relief with respect to any grounds that could
> have been raised in a prior proceeding under Rule 3:22,
> unless the trial court finds that the grounds for
> relief not previously asserted could not have been
> reasonably raised in a prior proceeding, that
> enforcement of the procedural bar would result in
> fundamental injustice, or that denial of relief would
> be contrary to the Constitution of the United States or
> the State of New Jersey.  Our careful review indicates
> that, except for defendant's claim of ineffective PCR
> appellate counsel, his claims for relief could
> reasonably have been raised earlier, enforcement does
> not result in a fundamental injustice, nor would a
> denial of relief be contrary to the Constitution of
> either the United States or our State.

State v. Waller, 2008 WL 495499, *2-*3 (N.J.Super. App. Div. Feb. 26, 2008).  The Appellate Division proceeded, in the alternative, to deny Petitioner's claims on the merits.  The Supreme Court of New Jersey denied certification on May 6, 2008.  State v. Waller, 195 N.J. 519 (2008).

On May 30, 2008, this Court received this, Petitioner's third federal petition for habeas corpus relief under § 2254, which was dated May 22, 2008.[2]  In it, Petitioner asserts the following grounds for relief: (1) the trial court violated his rights to equal protection and due process by allowing the State to amend the indictment, (2) Petitioner's conviction for both

---

[2] As Petitioner's first two Petitions were withdrawn without a decision on the merits, this Petition is not barred as "second or successive."

5

felony-murder and purposeful and knowing murder violates the Double Jeopardy Clause, (3) Petitioner was deprived of his rights to a fair trial and due process when the trial court accepted an ambiguous guilty verdict on count five, in which Petitioner was charged with purposeful and knowing murder, (4) ineffective assistance of counsel in his direct appeal and post-conviction relief proceedings.[3]  According to the Petition, these are the same claims raised in Petitioner's second state motion for post-conviction relief.  (Petition, ¶ 11(b).)

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

[3] Ineffective assistance of counsel in post-conviction relief proceedings is not a ground for relief in a federal habeas corpus action.  See 28 U.S.C. § 2254(i).  Accordingly, this ground for relief must be dismissed with prejudice.

established Federal law, as determinated by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Various defenses also preclude federal habeas relief.  For example, a one-year limitations period applies to a § 2254 petition for writ of habeas corpus.  28 U.S.C. § 2244(d).  In addition, the doctrine of procedural default may come into play. See Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989);

United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.   ANALYSIS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it appears that a petitioner is not entitled to relief on his petition, the District Court may dismiss the petition or take other appropriate action.  Here, it appears that all remaining grounds for relief asserted in the Petition are time-barred or procedurally barred.  Accordingly, Petitioner will be ordered to show cause why the Petition should not be dismissed. See Holden v. Mechling, 133 Fed.Appx. 21 (3d Cir. 2005).

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[4] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[4] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).  Here, the only applicable triggering event is the date on which the judgment became final.

> pending shall not be counted toward any period of
> limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's conviction became final on September 5, 1999, ninety days after the Supreme Court of New Jersey denied certification on June 7, 1999. Thus, barring tolling, the limitations period for filing a federal habeas petition would have expired on September 5, 2000.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is
> commonly understood, when it is delivered to, and
> accepted by the appropriate court officer for placement
> into the official record. And an application is
> "properly filed" when its delivery and acceptance are
> in compliance with the applicable laws and rules
> governing filings. These usually prescribe, for

> example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court,

10

Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, the limitations period for Petitioner's federal petition became statutorily tolled on March 21, 2000, when he submitted his first state motion for post-conviction relief.  As of that date, 198 days of the limitations period had expired, leaving 167 days remaining.  The limitations period resumed to run on March 2, 2004, when the Supreme Court of New Jersey denied certification with respect to the first motion for post-conviction relief.  Accordingly, Petitioner's federal limitations period would have run 167 days later, on August 16, 2004, barring further tolling.[5]

The limitations period of § 2244(d) is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159

---

[5] The limitations period is not statutorily tolled during the period a habeas petition is pending in federal court.  See Jones v. Morton, 195 F.3d 153, 158-59 (3d Cir. 1999).

11

(3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations and punctuation marks omitted).

Acknowledging that there might exist circumstances where equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition, the Court of Appeals for the Third Circuit nevertheless emphasized that "[i]n the final analysis, however, 'a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" <u>Jones</u>, 195 F.3d at 159 (citations omitted).  <u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533

12

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, nothing in the circumstances surrounding the filing and dismissal of Petitioner's first two federal habeas petitions justifies equitable tolling during the period those petitions were pending, with one exception. The Mason notice issued to Petitioner in the first federal habeas action, Waller v. Hendricks, Civil Action No. 04-2325, provided that this Court would toll the limitations period from the date the petition was filed through the 45-day response period,[6] provided that the petition was timely when filed.[7] The Mason notice also provided, however, that any decision to withdraw the petition and file a later one would be subject to the one-year limitations period. This Court made no representation to Petitioner as to the calculation of the limitations period or suggesting that any subsequently-filed petition would be considered timely. To the contrary, the Mason notice expressly stated that any withdrawal of the petition would be subject to the one-year limitations period. Cf. Pliler v. Ford, 542 U.S. 225 (2004) (federal district judges are not required to warn pro se litigants that

---

[6] This period expired on September 23, 2006.

[7] The Mason notice in the second habeas action contained a similar provision, but that second petition was not timely when filed on March 30, 2007, as is explained infra. Accordingly, Petitioner is not entitled to any equitable tolling based upon the Mason notice issued in the second federal habeas action.

13

any subsequently-filed federal habeas petition may be time-barred, absent equitable tolling, if petitioner elects to dismiss a "mixed" federal habeas petition without prejudice while returning to state court to exhaust claims).

Petitioner responded within that 45-day period that he wished to withdraw that first federal habeas petition. It appears that the first federal petition was timely filed. Accordingly, the limitations period resumed to run from March 2, 2004, through May 10, 2004, a period of 69 days. Petitioner is entitled to equitable tolling from May 10, 2004, through September 23, 2006, and leaving him 98 days of the limitations period whenever the period should resume to run again.

As of September 23, 2006, Petitioner's second state motion for post-conviction relief and state motion to correct illegal sentence were pending in state court. Accordingly, this Court must next determine whether these motions were "properly filed," entitling Petitioner to statutory tolling until the conclusion of the appeals on May 6, 2008.

The Appellate Division determined that all claims in Petitioner's second motion for post-conviction relief, excepting the claim of ineffective assistance of post-conviction relief counsel, dismissed here, were time-barred. See State v. Waller, 2008 WL 495499 at *2.

14

In Pace v. DiGuglielmo, 544 U.S. 408 (2005), clarifying its prior rulings on when a state application is "properly filed" and thus tolls the limitations period, the Supreme Court emphatically rejected the argument that any condition that must be applied on a claim-by-claim basis cannot be a conditions to filing, noting that "§ 2244(d)(2) itself [] refers not just to a 'properly filed application,' but to a 'properly filed application ... with respect to the pertinent judgment or claim." Id. at 415-16 (emphasis in original).

So, here, where the Appellate Division determined that the claims presented in Petitioner's second state motion for post-conviction relief were untimely, the second state PCR motion was not "properly filed" and did not statutorily toll the limitations period with respect to those same claims when asserted in this federal habeas petition. Accordingly, with respect to these claims, the one-year limitations period expired on December 30, 2006, 98 days after it resumed to run on September 23, 2006. Thus, it appears that all remaining grounds for relief assert in this Petition, dated May 22, 2008, are time-barred and must be dismissed. See, e.g., Green v. Johnson, 2006 WL 3746138, *16-*19, Civil Action No. 05-0340 (E.D. Va. Dec. 15, 2006), Report and Recommendation Adopted as Modified (on other grounds), 2007 WL 951686 (E.D. Va. Mar. 26, 2007), aff'd on other grounds, 515 F.3d 290 (4th Cir.); cert. denied, 128 S.Ct. 2999 (2008).

To the extent not time-barred, the claims asserted here appear to be procedurally barred, based upon the Appellate Division's alternative determination that the claims were procedurally barred when asserted, in state court, in Petitioner's second motion for post-conviction relief.

Only under very limited circumstances may a federal court consider a claim that is procedurally barred in state court.

> A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. See, e.g., Doctor[ v. Walters, 96 F.3d 675, 683 (3d Cir. 1996)]. Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental "miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

On habeas review of state prisoner claims, a federal court "will presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" Coleman, 501 U.S. at 734-35 (quoting Michigan v.

Long, 463 U.S. 1032, 1040-41 (1983)).[8]  Only a "firmly established and regularly followed state practice" is adequate to prevent subsequent habeas review in federal court.  James v. Kentucky, 466 U.S. 341, 348-351 (1984).  See also Lee v. Kemna, 534 U.S. 362, 376 (2002) ("Ordinarily, violation of 'firmly established and regularly followed' state rules ... will be adequate to foreclose review of a federal claim." (citations omitted)).  Generally speaking, "[a] state court's refusal to address a prisoner's federal claims because he has not met a state procedural requirement is both independent and adequate." Cabrera v. Barbo, 175 F.3d 307, 312 (3d Cir. 1999) (citations omitted).

The "cause" standard requires a petitioner to show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule.  See Coleman, 501 U.S. at 752 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  In the absence of a Sixth Amendment violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation.  Coleman, 501 U.S. at 754.  Neither a pro se prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard.  Murray at 485-87.  Failure of the

---

[8] A state court's reliance on a procedural bar as an alternate holding is sufficient to trigger the "cause" and "prejudice" test.  See United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 440 (3d Cir. 1982).

17

state court to "bend the rules" for a pro se litigant is not cause. Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992).

To establish "prejudice," a petitioner must prove "'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.'" Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

In the alternative, in order to establish that failure to review an otherwise procedurally defaulted claim will result in a "miscarriage of justice," a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 496. "Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him." Werts, 228 F.3d at 193 (citing Schlup v. Delo, 513 U.S. 298, 326 (1995)).

Petitioner does not contend that Rule 3:22-4 is anything but a "firmly established and regularly followed state practice," and case law suggests that the rule is firmly established and regularly followed.[9]  Thus, the PCR court denied relief on an

---

[9] The notable exception involves claims of ineffective assistance of counsel. See, e.g., Cabrero v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999) (dicta). That exception does not

18

independent and adequate state ground, precluding review here of Petitioner's remaining claims unless he can meet the "cause" and "prejudice" standard or demonstrate that failure to consider the claims will result in a miscarriage of justice.

Here, Plaintiff makes no effort to meet the cause and prejudice standard. Nor does it appear that failure to consider Petitioner's claims will result in a miscarriage of justice. Thus, to the extent timely, Petitioner's claims appear to be procedurally barred in this Court.

## IV.   CONCLUSION

For the reasons set forth above, this Court will dismiss the claim based upon ineffective assistance of post-conviction counsel as it does not state a grounds for federal habeas relief. This Court will order Petitioner to show cause in writing why the Petition should not be dismissed, with respect to all other claims, as untimely or as procedurally barred. An appropriate order follows.

S/Susan D. Wigenton
Susan D. Wigenton
United States District Judge

Dated: December 22, 2008

---

apply, here, however, because the Appellate Division held that Petitioner could have asserted, in earlier proceedings, all of his ineffective assistance claims except the claim of ineffective assistance of post-conviction counsel, a claim that is otherwise dismissible here.